```
 1                          UNITED STATES DISTRICT COURT
                            EASTERN DISTRICT OF NEW YORK
 2

 3   -------------------------------X
                                     :
 4   UNITED STATES OF AMERICA,       :
                                     :   10-CR-13 (RJD)
 5             v.                    :
                                     :   July 12, 2011
 6   JOHN DOE,                       :   Brooklyn, New York
                                     :
 7                  Defendant.       :
                                     :
 8   -------------------------------X

 9
            TRANSCRIPT OF CRIMINAL CAUSE FOR REVOCATION HEARING
10                 BEFORE THE HONORABLE STEVEN M. GOLD
                      UNITED STATES MAGISTRATE JUDGE
11

12   APPEARANCES:

13
     For the Government:          UNITED STATES ATTORNEY
14                                BY: JAMES LOONAM, ESQ.
                                  ASSISTANT U.S. ATTORNEY
15

16
     For the Defendant:           MARK DeMARCO, ESQ.
17

18

19

20

21   Court Transcriber:           SHARI RIEMER
                                  TypeWrite Word Processing Service
22                                211 N. Milton Road
                                  Saratoga Springs, NY 12866
23

24

25


     Proceedings recorded by electronic sound recording,
     transcript produced by transcription service
```

```
                                                              2
 1            THE COURT:  Wait a second.  I take it there's a joint
 2   application to seal the courtroom?
 3            MR. LOONAM: No, Your Honor, we don't have opposition
 4   to seal the courtroom.
 5            THE COURT: Okay.  Ready?
 6            THE CLERK: Criminal Cause for Revocation Hearing,
 7   Docket Hearing 10-CR-13 (RJD), USA v. John Doe.
 8            Counsel, please state your appearances for the
 9   record.
10            MR. LOONAM: James Loonam and Melissa Marrus for the
11   Government and with us at counsel table is FBI Special Agent
12   Eric Pastrioni [Ph.].  Good afternoon, Your Honor.
13            THE COURT: Good afternoon.
14            MR. DeMARCO:  Your Honor, Mark DeMarco for
15   defendants.  Good afternoon.
16            THE COURT: Addressing myself to the defendant, do you
17   speak and understand English?
18            THE DEFENDANT: Yes, sir.
19            THE COURT: All right.  Have a seat.  I have a letter
20   application authored by Barrett Berger and dated July 12$^{th}$,
21   today's date.  Mr. DeMarco, have you seen it?
22            MR. DeMARCO: I have, Your Honor.
23            THE COURT: All right.  Addressing myself to the
24   defendant, have you had a chance to discuss this with your
25   attorney?
```

```
                                                                3
1                THE DEFENDANT:  Yes, sir.
2                THE COURT:  Now, in reviewing this application -- am I
3    looking at 3141 or am looking at -- under 3143(a)?  Gotcha,
4    huh?
5                MR. LOONAM:  You did.  You got me, Your Honor.  My
6    apologies.
7                THE COURT:  Well, let me -- I'm not trying to play a
8    game here.  3141 is post arrest, is the Bail Reform Act.
9                MR. LOONAM:  Yes, Your Honor.
10               THE COURT:  3141 applies to the period from arrest to
11   conviction.  3143(a) changes the presumptions and applies from
12   the time of conviction to sentence.
13               MR. LOONAM:  This is 3143, Your Honor.
14               THE COURT:  So we're under 3143(a) because a plea of
15   guilty has already been tendered to a felony that will lead to
16   a sentence of incarceration.
17               MR. DeMARCO:  Correct, Your Honor.
18               THE COURT:  Now, obviously the reason I ask this
19   question is that the violation described in the letter would
20   not ordinarily lead this court to revoke a defendant's bail.  I
21   understand that there may be a whole host of considerations in
22   this particular case that lead counsel for the defendant not to
23   challenge the Government's application despite that fact and
24   regardless of procedural context.  My concern is whether I need
25   to hear them and make an independent judgment or not.  I think
```

```
                                                              4
 1  since we're under 3143(a) where the presumption is in favor of
 2  incarceration and it becomes the defendant's burden to prove by
 3  clear and convincing evidence that he should be released that I
 4  don't have to explore the reasons why Mr. DeMarco is consenting
 5  as Ms. Berger indicates and which Mr. DeMarco by his facial nod
 6  is saying he stands by it.
 7            MR. DeMARCO: I do, Your Honor.  And just so the
 8  record is clear, so does my client.  He understands what is
 9  transpiring today and he consents to it as well. So it's not my
10  [inaudible] consent.  It's also my client's consent as well.
11            THE COURT: Okay.  Again, without needing to spread
12  the details on the record, can I assume that if I sign a
13  permanent order of detention today that that gives the
14  Government and the incarcerating authority enough time to make
15  whatever arrangements are necessary to be effectuated?
16            MR. DeMARCO: Yes, Your Honor.  Those arrangements
17  have been made and any permanent order here would be without
18  prejudice to a subsequent application later on down the road.
19            THE COURT: Absolutely.  Does anybody have any
20  questions or anything else they would like to spread on the
21  record before I enter a permanent order of detention without
22  prejudice for a bail application to be made in the future?
23            MR. DeMARCO:  No, thank you, Your Honor.
24            THE COURT: On the order of detention where it says
25  defendant I'm going to write John Doe in an abundance of
```

```
                                                                    5
 1   caution but the docket number of the case will be indicated so
 2   that it's properly filed and docketed.  I assume that that
 3   would lead to a wall of some kind before the public could
 4   access the docket.
 5               All right.  Have a good day.  Counsel, wait around.
 6   I'll give you copies of this as I will give to the Marshal.
 7                            *  *  *  *  *
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

6

I certify that the foregoing is a court transcript from an electronic sound recording of the proceedings in the above-entitled matter.

Shari Riemer

Dated:  July 15, 2011